IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEVAR K. JONES | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 11-6705 |
| | : | |
| JOHN FISHER, et al. | : | |

ORDER

AND NOW, this 10th day of February 2014, upon consideration of petitioner

Jones's  pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1),

our December 1, 2013 Order referring this matter to the Honorable David R. Strawbridge for a

report and recommendation (docket entry # 3) pursuant to Local Rule 72.1 and 28 U.S.C.

§636(b)(1)(B), defendants' response (docket entry # 17), Judge Strawbridge's October 16, 2013

report and recommendation ("R&R") (docket entry # 24) to which petitioner filed objections on

December 10, 2013 (docket entry # 28), and the Court finding that:

(a)     On November 21, 2000, Jones was convicted of second-degree murder,

robbery, aggravated assault, possessing an instrument of a crime and criminal conspiracy for his

participation in the armed robbery of a convenience store during which the cashier was killed,

R&R at 2;

(b)     The store owner testified at trial that Jones stood behind the man with a

gun and yelled "don't shoot" moments before the gunshot that killed the cashier and another

witness who knew Jones identified him by his voice, id.;

(c)     At trial, the Commonwealth also showed a security videotape recording of

the shooting, twice at regular speed and once in slow motion, extending the 28-second tape over

eleven minutes, id. at 13; see also Pet. Obj., Ex. C at 7;

(d)      In his <u>habeas</u> petition, Jones raises three claims about the slow-motion showing: he contends first that trial counsel failed to object to the use of the video "as putting an uncharged defendant (shooter) on trial to convict" him; next, that trial counsel failed to request a limiting instruction about the video; and last, he claims that his direct appeal and Post Conviction Relief Act ("PCRA") counsel were ineffective for failing to raise the issue of the video's use in slow motion at trial, R&R at 6;

(e)      Judge Strawbridge concluded that Jones's first claim was procedurally defaulted, <u>id.</u>, and that Jones could not show, for the other two claims, how he was prejudiced by the inclusion of the slow motion video, <u>id.</u> at 19 and 20, and therefore Judge Strawbridge was unable to recommend that <u>habeas</u> relief be granted on either claim, <u>id.</u>;

(f)      Jones contests these conclusions, Pet. Obj. at 3;

(g)      Accordingly we "make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which" petitioner objects, <u>see</u> 28 U.S.C. § 636;

(h)      Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts are to grant considerable deference to state court decisions:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless adjudication of the claim--
>
> (1)      Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)      Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[,]

2

28 U.S.C. § 2254(d);

   (i)   Section 2254 requires great deference to state decisions: a state court decision is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts", and a decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case," Williams v. Taylor, 529 U.S. 362, 412-12 (2000);

   (j)   To prevail on a claim that the state court unreasonably applied a legal principle to the facts of a particular case, the petitioner must show that the state court's analysis was "objectively unreasonable," Woodford v. Visciotti, 537 U.S. 19, 25 (2002);

   (k)   Turning to Jones's first claim, it is well established that before filing a Section 2254 petition, a petitioner must exhaust all state remedies by fairly presenting each claim, Touson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Picard v. Connor, 404 U.S. 270, 275 (1971),  and any unexhausted claim is procedurally defaulted unless it falls into the narrow exception where the petitioner can show (1) cause for the default and actual prejudice or (2) that a fundamental miscarriage of justice will result from failure to consider the claim, Coleman v. Thompson, 501 U.S. 722, 749 (1991);

   (l)   Judge Strawbridge agrees with respondents that Jones procedurally defaulted his claim that trial counsel provided ineffective assistance by failing to object to the use of the video as "putting an uncharged defendant, (shooter), on trial to convict petitioner"

because Jones failed to raise this issue at any stage of the PCRA process, and therefore failed to "fairly present" it to the state courts, R&R at 8 and 9;

(m)    Jones contends the Commonwealth showed the slow-motion video tape to try proving that Jones shared the shooter's specific intent to kill, because it had no other evidence that could have shown that specific intent required to prove first degree murder, Pet. Obj. at 8;

(n)    However, because Jones was acquitted of first degree murder, he cannot show actual prejudice from the prosecution's action, and we therefore agree with Judge Strawbridge that this claim is procedurally defaulted;

(o)    Jones grounds his second claim, that counsel failed to request a limiting instruction on the use of the tape, on his reading of Commonwealth v. Hindi, 631 A.2d 1341 (Pa. Super. 1993), which was the only Pennsylvania decision at the time of his trial to address trial use of a slow motion video tape;

(p)    When this claim was presented to the Superior Court reviewing the PCRA appeal, that court explained that Hindi did not require a cautionary instruction but only stated that such an instruction could cure "[a]ny concern that slow motion [] might have confused or prejudiced the jury. . . .   As there was no indication that the jury was confused or mislead [sic] by playing the tape in slow motion, a cautionary instruction was not warranted," Commonwealth v. Jones, No. 2719 EDA 2009 (Phila. Ct. Com. Pl. Aug. 18, 2009);

(q)    Judge Strawbridge concluded there was nothing "objectively unreasonable" in that conclusion, R&R at 20;

(r)    We agree;

(s)    First, nothing in the record suggests that the jury here was confused--

4

indeed, it properly acquitted Jones of first-degree murder after seeing the tape twice at regular

speed (and, as the court in <u>Hindi</u> noted, "concerns over distortion of the evidence could be

countered by . . . show[ing] the tape at regular speed," 631 A.2d at 1345);

   (t) Second, the Supreme Court of Pennsylvania recently described a

cautionary instruction as one of "<u>several strategies</u> to alleviate any concern as to confusion or

prejudice of the jury by the admission of a slow-motion videotape," <u>Commonwealth v. Jordan</u>,

65 A.3d 318, 329 (Pa. 2013) (emphasis supplied), thereby reaffirming that it was not objectively

unreasonable for the Jones's attorney not to seek such an instruction;

   (u) Turning to Jones's third objection, that Judge Strawbridge erred in not

finding Jones's direct appeal and PRCA counsel were ineffective, we briefly review the

ineffectiveness standard before addressing the video tape's use in slow motion at trial and the

case's procedural history thereafter;

   (v) <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), governs ineffective

assistance of counsel claims, under which a petitioner must establish both (1) that counsel's

performance was deficient, <u>i.e.</u>, unreasonable under prevailing professional standards,[1] and (2)

prejudice, <u>i.e.</u>, that but for counsel's ineffectiveness, the outcome of the proceeding would have

been different, 466 U.S. at 687;

   (w) Jones's trial counsel successfully objected to a slow-motion showing

during the prosecution's opening and retained that objection, R&R at 12 and 13;

   (x) Nonetheless, after viewing it <u>in camera</u>, the trial judge permitted the

---

   [1] Under this prong, "[j]udicial scrutiny must be highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," <u>Strickland</u>, 466 U.S. at 688-89.

surveillance tape to be shown in slow motion to the jury, id. at 15;

(y)     Jones did not timely file a direct appeal after his conviction, but proceeding pro se, filed a petition for relief under the PCRA to reinstate his direct appeal rights and the PCRA court appointed David Rudenstein, Esq., to represent him in that proceeding, R&R at 3;

(z)     In his direct appeal, Jones challenged the sufficiency and weight of the evidence; the trial court's denial of a pre-trial motion to suppress; and trial counsel's ineffectiveness for (1) failing to investigate whether there was an outstanding warrant at the time of Jones's arrest and (2) urging him to submit a proffer, Mot. for relief at D-19, and the Pennsylvania Superior Court affirmed the judgments of sentence, which Jones did not appeal to the Pennsylvania Supreme Court, R&R at 3;

(aa)    With a new attorney, James S. Bruno, Jones filed a PCRA petition which was denied, after which Jones sought to appeal but attorney Bruno failed to file the Pennsylvania Rule 1925(b) statement or appellate brief, id. at 4;

(bb)    As a result, the Superior Court found that Jones had been abandoned by counsel and appointed new counsel, Janis Smarro, id.;

(cc)     On appeal, attorney Smarro raised a claim that Jones's post-conviction counsel (Bruno) had been ineffective when he failed to raise the ineffectiveness of appellate counsel (Rudenstein), who failed to raise in direct appeal the trial court's ruling permitting the use of the slow motion video, id. at 4 and 5;

(dd)    The PCRA court conducted a hearing at which both of Jones's prior attorneys testified and concluded that they were both "without a reasonable basis in failing to

raise the claim and that the failure to raise the claim prejudiced" Jones, id. at 5;

(ee)    The Commonwealth appealed and the Superior Court reversed the PCRA

court, finding that neither appellate counsel nor PCRA counsel could be deemed ineffective since

the trial court did not abuse its discretion in allowing the tape to be shown in slow motion, id.;

(ff)    As Judge Strawbridge noted, both the PCRA court and the Superior Court

applied Pennsylvania's three-prong ineffectiveness standard to Jones's case, that is, to overcome

the presumption of effective assistance, a criminal defendant must prove that  (1) the underlying

claim has arguable merit, (2) counsel's conduct was without a reasonable basis designed to

effectuate his or his client's interest, and (3) counsel's ineffectiveness prejudiced the defendant,

see Commonwealth v. Allen, 833 A.2d 800, 802 (Pa. Super. 2003);[2]

(gg)    In Commonwealth v. Jones, No. 2719 EDA 2009 (Phila. Ct. Com. Pl.

Aug. 18, 2009), the Superior Court relied on Hindi, which held that "[i]n determining whether to

admit into evidence slow motion . . . video, the standard to be applied by the trial court is the

same as it is for the admission of other evidence. It must be relevant and material and its

probative value must outweigh its prejudicial impact," Hindi, 631 A.2d at 1345;

(hh)    Noting that Hindi found that the "purpose for which the party offers" the

slow motion video is "[o]f primary relevance," the Superior Court found that the tape was

"highly probative" to show "evidence of [Jones's accomplice's] specific intent to kill," in order

---

[2] It is generally recognized that the Pennsylvania standard is similar to the
Strickland standard.  The Pennsylvania Supreme Court has held that if a PCRA petitioner fails to
demonstrate that "counsel's act or omission adversely affected the outcome of the proceedings,
the claim may be dismissed on that basis alone and the court need not first determine whether the
first and second prongs have been met," Commonwealth v. Travaglia, 661 A.2d 353, 358 (Pa.
1995) (citing Strickland, 466 U.S. at 697).

to rebut Jones's contention that the gun had gone off accidentally, and that therefore the court did not abuse its discretion in admitting the slow-motion version, <u>Commonwealth v. Jones</u>, No. 2719 EDA at 13-15; and

(ii)     Like Judge Strawbridge, we conclude that there is nothing "objectively unreasonable" in the Superior Court's determination that Jones's ineffectiveness claim lacked merit in light of the Superior Court's legal conclusion that the trial judge did not abuse his discretion, <u>see</u> R&R at 18;

(jj)     Finally, Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

(kk)     Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), and because one of Jones's claims was dismissed on procedural grounds, he bears the additional burden of showing that reasonable jurists would also debate whether the procedural ruling was correct, <u>id.</u>; and

(ll)     We do not believe that reasonable jurists could debate the conclusion that Jones's petition neither states a valid claim for the denial of a constitutional right nor can overcome his procedural default, and so we decline to issue a certificate of appealability;

It is hereby ORDERED that:

1.     Jones's objections are OVERRULED;

2.     The report and recommendation is APPROVED and ADOPTED;

8

3.      Jones's petition for a writ of habeas corpus is DENIED;

4.      For the reasons stated above, we DECLINE to issue a certificate of appealability; and

5.      The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:


/s/ Stewart Dalzell, J.